SCHWARTZ, *Circuit Judge*, joined by SULLIVAN, *Circuit Judge*, concurring in the denial of rehearing *en banc*:

Although I agree with the analysis in the dissent, I support the decision to deny rehearing *en banc*. My "[m]ere substantive disagreement" with the panel opinion does not warrant the time and effort of full court rehearing. *Baker v. Pataki*, 85 F.3d 919, 941 (2d Cir. 1996) (Feinberg, J.).

Further, there is a deep and widening circuit split on the nationally important issue of whether the government may detain aliens like Petitioner under Section 1225 or Section 1226. In general, issues for "which Supreme Court resolution is inevitable should not be permitted to tarry in this Court for further intermediate action, . . . except when the views of this Court would be of real benefit to the Supreme Court." *Green v. Santa Fe Indus., Inc.*, 533 F.2d 1309, 1310 (2d Cir. 1976) (*per curiam*); *see also* John M. Walker, Jr., *Foreword*, 21 Quinnipiac L. Rev. 1, 14 (2001) ("[T]he Second Circuit's approach to in banc review—one that holds the process in reserve for the exceptional case that is an unlikely candidate for Supreme Court resolution—is sound, and it will continue to serve this [C]ircuit well in the years to come."). As the issue in this case has been thoroughly ventilated—both in our Circuit and in circuits across the country—*en banc* consideration would be unlikely to benefit the Supreme Court. *See Eisen v. Carlisle & Jacquelin*, 479 F.2d 1005, 1021 (2d Cir. 1973) (Kaufman, J., joined by Friendly, C.J. & Feinberg,

Mansfield & Mulligan, JJ., concurring in the denial of rehearing *en banc*) ("*En banc* consideration . . . would merely serve as an instrument of delay."), *vacated*, 417 U.S. 156 (1974).

While awaiting the Supreme Court's guidance, *en banc* review is also unnecessary because the United States still has options to reduce prejudice to its position as to Petitioner in particular and aliens in general.

As to Petitioner, even though he was temporarily released under Section 1226, the Attorney General may still "at any time" "revoke [his] bond or parole . . . , rearrest [him] under the original warrant, and detain [him]." 8 U.S.C. § 1226(b). Congress has made the Attorney General's reasons for such a decision unreviewable by any court. *See id.* § 1226(e) ("No court may set aside any action or decision by the Attorney General under [Section 1226] regarding the detention of any alien or the revocation or denial of bond or parole."). Alternatively, the Attorney General may still refer the case to himself to dispose of it. *See* 8 C.F.R. § 1003.1(h) (2026). So the United States may detain Petitioner pending his removal proceedings, regardless of whether Section 1226 applies.

As to aliens as a group, Congress has given the Attorney General very broad discretion to choose to detain or release an alien. Under Section 1226, the Attorney General (1) "may continue to detain [an] arrested alien" or (2) "may release the alien" on bond or parole "pending a [removal] decision." 8 U.S.C. § 1226(a)(1)–

(2). In other words, there is no statutory requirement for the United States to offer an alien the opportunity for bond or parole. *Id.* § 1226(e). At present, an alien falling under Section 1226(a) is entitled to request a bond or parole hearing only because of the regulatory framework the Attorney General has adopted surrounding detention and release. *See* 8 C.F.R. §§ 236.1(d), 1003.19 (2026). The Attorney General could rescind or amend those regulations to reduce the burden on the government.

Accordingly, I concur in the denial of rehearing *en banc*.